Filed 3/25/24  P. v. Ward CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KEVIN WARD,<br><br>Defendant and Appellant. | B327697<br><br>(Los Angeles County Super. Ct. No. BA405490) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael D. Carter, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Irvi, Supervising Deputy Attorney General, and Roberta L. Davis, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Kevin Ward (defendant) appeals from an order denying his petition for resentencing pursuant to Penal Code section 1172.6 (former Penal Code section 1170.95).[1] The Attorney General concedes the cause should be remanded for issuance of an order to show cause because the record of conviction does not establish as a matter of law that defendant was the attempted murder victim's actual killer. We shall reverse and remand for that reason.

## I. BACKGROUND

The Los Angeles County District Attorney charged defendant in 2012 with willfully, deliberately, and premeditatively attempting to murder victim Israil Barri (Barri). The charging document additionally alleged defendant personally used a deadly and dangerous weapon (a knife) and personally inflicted great bodily injury in connection with the attempted murder. (§§ 12022, subd. (b)(1)), 12022.7, subd. (a).)

Tonya Edwards (Edwards) was charged as a co-defendant in the attempted murder of Barri. Defendant and Edwards were also charged with two assault offenses arising out of the same attack on Barri.

In 2014, pursuant to an agreement with the prosecution, defendant resolved the charges against him by pleading guilty to an attempted murder charge (and admitting certain sentencing enhancements—though not the charging document's allegation that the attempted murder was willful, deliberate, and premeditated) in exchange for a 19-year prison sentence. The

[1] Undesignated statutory references that follow are to the Penal Code.

2

trial court imposed the contemplated sentence, comprised of seven years for attempted murder, doubled to 14 years for having sustained a prior "strike" conviction, plus a five-year enhancement for sustaining a prior serious felony conviction.

Years later, in January 2022, defendant filed a section 1172.6 form petition for resentencing. He checked boxes on the petition to assert he was convicted of attempted murder but could not be convicted of murder under prevailing law because of changes to section 188 and 189, which had the effect of eliminating attempted murder liability under the natural and probable consequences doctrine (see generally *People v. Curiel* (2023) 15 Cal.5th 433, 462 [section 188 "eliminated the doctrine of natural and probable consequences in its entirety"]; *People v. Sanchez* (2022) 75 Cal.App.5th 191, 196). Defendant's petition also requested appointment of counsel, a request the trial court granted.

The People opposed defendant's resentencing position. Relying on a transcript of the preliminary hearing held before defendant's guilty plea,[2] the People argued defendant was Barri's actual attempted killer. The People specifically pointed to Barri's

---

[2] The People's opposition explained the statement of the case provided derived from two exhibits, one of which was defendant's preliminary hearing transcript and the other of which was a pre-conviction report prepared by the probation office. No exhibits are attached to the copy of the People's opposition that is included in the appellate record, but the probation office's report is included elsewhere in the appellate record and this court granted the Attorney General's separate request to judicially notice the clerk's transcript from defendant's direct appeal of his conviction—which includes a copy of the transcript of defendant's preliminary hearing.

testimony at the preliminary hearing identifying defendant as the person among the three-member group of attackers (defendant, Edwards, and an unidentified woman) who stabbed him with a knife. The probation report that the People submitted as an exhibit to their opposition, however, provided some reason to believe *Edwards* was the one who stabbed Barri. The report explains a surveillance camera captured at least part of the attack on Barri and the report states the surveillance footage "show[s] a female, later identified as co-defendant Edwards, making stabbing, lunging motions towards the location where the victim was found."

Defendant's reply to the People's opposition argued he was not ineligible for section 1172.6 relief as a matter of law because neither his plea nor the information precluded the prosecution from proceeding under a natural and probable consequences theory and there was reasonable doubt defendant was the actual stabber. Defendant asserted the knife in the attack on Barri was not used until Edwards and the unidentified woman joined the fight, surveillance video showed Edwards making lunging and stabbing motions towards the victim, and the victim was knocked unconscious which could have caused him to mistakenly identify who the actual stabber was.

The trial court denied defendant's section 1172.6 petition without issuing an order to show cause or holding an evidentiary hearing. Considering "readily ascertainable information including, but not limited to the court file, records and records of conviction," the trial court found defendant was not entitled to relief as a matter of law because "undisputed" evidence showed

4

"[d]efendant was the actual person who stabbed the victim several times."[3]

## II.  DISCUSSION

The trial court should not have denied defendant's section 1172.6 petition without issuing an order to show cause because the record of conviction does not establish—as a matter of law—that defendant was Barri's actual attempted killer.[4]  Defendant has not admitted he was the person, among the group of attackers, who stabbed Barri, and no other materials in the record prove as a matter of law that he was.  Indeed, the probation report's description of the surveillance video footage suggests there is instead a conflict in the evidence on this point. We shall elaborate.

Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  Under section 1172.6, a defendant may file a

---

[3]     The trial court specifically cited Barri's identification of defendant as the stabber a day after the attack occurred and Barri's selection of defendant out of a "six pack."

[4]     Because it does not affect the disposition of this appeal, we shall assume for the sake of argument that the principle that a defendant who is a murder victim's actual killer is ineligible for section 1172.6 relief (see, e.g., *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1030) applies analogously to a defendant who seeks relief with respect to an attempted murder conviction.

petition seeking vacatur of an attempted murder conviction if the prosecution filed a complaint "that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine" and the defendant "accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder." (§ 1172.6, subd. (a)(1), (2).)

It is undisputed that, had defendant's case gone to trial, the prosecution could have proceeded on a natural and probable consequences theory of aiding and abetting to prove the attempted murder charge against him.  Thus, the only question on appeal from the trial court's finding that defendant's section 1172.6 petition presented no prima facie case for relief is the question of whether the record of conviction establishes *as a matter of law* that defendant was the person who actually stabbed Barri.  (*People v. Lewis* (2021) 11 Cal.5th 952, 972 ["In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'  [Citation.] As the People emphasize, the 'prima facie bar was intentionally and correctly set very low'"].)  It does not, as the Attorney General appropriately concedes.

In pleading guilty to the attempted murder charge, defendant made no admission he was the person among the group of attackers who stabbed Barri and he did not stipulate to the preliminary hearing transcript as the factual basis for his plea.  To be sure, Barri himself identified defendant as his stabber when testifying at the preliminary hearing, but a trial court may not weigh the evidence or make credibility determinations when ruling on a section 1172.6 petition at the

6

prima facie stage.  (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14 ["A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual killer . . ."].)  That principle alone establishes denial of defendant's petition was premature.  Moreover, in this case, the probation report's description of the surveillance video footage of the attack indicates Edwards could have been the stabber and Barri's identification of defendant as his actual attempted killer might have been mistaken.

We therefore hold defendant has made a prima facie case for section 1172.6 relief and resolution of the question of who actually stabbed Barri requires an evidentiary hearing, which must be preceded by issuance of an order to show cause.

DISPOSITION

The order denying defendant's section 1172.6 petition is reversed. The matter is remanded to the superior court with directions to issue an order to show cause and to thereafter proceed as required by section 1172.6, subdivision (d).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

KIM, J.

LEE, J.*

---

* Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8